UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE CRAWFORD,<br><br>        Petitioner,<br><br>    v.<br><br>GARY SWARTHOUT,<br><br>        Respondent. | No.  2:14-cv-00571 KJM KJN P<br><br><br>FINDINGS & RECOMMENDATIONS |

      Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss on grounds that the petition fails to state a claim for relief.  (ECF No. 10.)  After carefully reviewing the record, the undersigned recommends that respondent's motion be granted.

      Respondent moves to dismiss this action pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases.  Rule 4 authorizes the district court to dismiss a habeas corpus petition if it plainly appears from the petition that the petitioner is not entitled to relief.

      This action is proceeding on the original petition filed February 27, 2014.  (ECF No. 1.)  The petition raises two claims.  First, petitioner alleges that the Governor's decision reversing the decision by the Board of Parole Hearings finding him suitable for parole was not supported by sufficient evidence.  (Id. at 13.)  Second, petitioner alleges that the lawyer who filed a state habeas petition on petitioner's behalf challenging the Governor's decision was ineffective.  (Id. at

1

10.)

Respondent first argues that petitioner has no right to counsel in a state habeas proceeding.

A criminal defendant has no federal constitutional right to counsel in state post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Absent such a right, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." Coleman v. Thompson, 501 U.S. 722, 752 (1991); see also Martinez v. Ryan, 132 S. Ct 1309, 1320 (2012) ("There is no constitutional right to an attorney in state postconviction proceedings); Moran v. McDaniel, 80 F.3d 1261, 1271 (9th Cir. 1996) (stating that the Supreme Court has "concluded there is no Sixth Amendment right to effective assistance of counsel during state or federal habeas corpus proceedings").

Moreover, the federal statute providing for habeas corpus review of state convictions prohibits claims based on the ineffectiveness of counsel during "State collateral post-conviction proceedings." 28 U.S.C. § 2254(i) (stating that "[t]he ineffectiveness or incompetence of counsel during Federal or State post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Because petitioner had no Sixth Amendment right to counsel for his state post-conviction proceeding, he cannot claim ineffective assistance during those proceedings. Additionally, the statute under which petitioner brings his habeas petition prohibits him from raising this claim. Accordingly, respondent's motion to dismiss this claim should be granted.

Respondent argues that petitioner's claim challenging the decision by the Governor to reverse the Board of Parole Hearings decision finding him suitable for parole on grounds that it was not supported by sufficient evidence is not cognizable. The Supreme Court has characterized as reasonable the decision of the Ninth Circuit Court of Appeals that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 131 S. Ct. 859, 861–62 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12

(1979). Swarthout, 131 S. Ct. at 862. In Swarthout, the Supreme Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Supreme Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 131 S. Ct. at 862. The Supreme Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied....
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 131 S. Ct. at 862. The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the Federal Due Process Clause. Id. at 862–63. This is true regardless of whether petitioner is challenging a decision by the Board of Parole Hearings to deny parole or the Governor's reversal of a parole grant. Swarthout, 131 S. Ct. at 860–61; Styre v. Adams, 645 F.3d 1106, 1108 (9th Cir. 2011) ("[w]e now hold that the Due Process Clause does not require that the Governor hold a second suitability hearing before reversing a parole decision."). For these reasons, the undersigned finds that petitioner's claim challenging the sufficiency of the evidence of the Governor's decision reversing his grant of parole should be dismissed.

////

In his opposition to the motion to dismiss, petitioner also alleges that "now with Gilman v. Brown, the new ruling says he wasn't allowed to deny my parole since my crime happened Feb. 1988." Petitioner is apparently raising an ex post facto claim regarding Proposition 89 that gave the Governor the authority to review decisions by the Board of Parole Hearings to grant parole. This claim is not properly brought in a habeas petition and petitioner is part of the class action, Gilman v. Brown, CIV–S–05–0830 LKK GGH, that is challenging Proposition 9. Therefore, this claim should be dismissed without prejudice.[1]

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 10) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the

---

[1] A member of a class action seeking equitable relief cannot raise those same claims in a separate equitable action. Crawford v. Bell, 599 F.2d 890, 892–93 (9th Cir. 1979); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action. To permit them would allow interference with the ongoing class action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudication."). Indeed, "[a] district court has inherent power to choose among its broad arsenal of remedies when confronted with situations where, as here, continued litigation of a matter would create undue hardship on the litigating parties, or would improvidently circumscribe the actions of another court handling a prior certified action." Crawford, 599 F.2d at 892 (quoting Tate v. Werner, 68 F.R.D. 513, 520 (E.D.Pa. 1975). Moreover, "increasing calendar congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum whenever consistent with the rights of the parties." Id. at 892–93.

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 28, 2014

Craw571.mtd

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE